# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| **JENNIFER JOHNSON,** | : |
| Plaintiff, | : |
| vs. | : Civil Action No. 6:05-cv-49 (HL) |
| **RODGER PATEL, MIKE PATEL, KOLPERNA PATEL,** | : |
| Defendants. | : |

## **O R D E R**

*Pro se* Plaintiff Jennifer Johnson filed the above-styled complaint alleging violations of the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. §§ 201-219 (2000). Plaintiff Johnson also sought leave to proceed *in forma pauperis*. The Court authorizes the commencement of this action without pre-payment of fees and costs or security based upon the allegations set forth in the affidavit filed herein. 28 U.S.C. § 1915(a) (2000).

However, even if a prisoner is allowed to proceed *in forma pauperis*, she must nevertheless pay the full amount of the $250.00 filing fee in installments based on funds in the prisoner's account. Plaintiff does not have sufficient funds in her prison trust fund account to pay an initial partial filing fee, thus the Court hereby waives payment of an initial partial filing fee. See 28 U.S.C. § 1915 (b)(4) (2000).

1

Hereafter, Plaintiff shall be required to make monthly payments of twenty (20) percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff Johnson shall forward payments from her account to the Clerk of this Court each time the amount in the account exceeds ten (10) dollars until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2) (2000).

## I. STANDARD OF REVIEW

Because Plaintiff sought leave to proceed *in forma pauperis*, this Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A (2000).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. Id. at 327; see also Clark v. State of Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

## II. DISCUSSION

*A. Background*

The events giving rise to Plaintiff Johnson's complaint occurred while she was employed at the Lakeside Inn Hotel in Donalsville, Georgia during the period between November 1997 and August 1998.  Plaintiff alleges in the complaint that, rather being paid minimum wage, she was paid $1.50 in cash per room that she cleaned and for laundry services.  Plaintiff further alleges that her employer failed to withhold income taxes from her salary.  Plaintiff seeks back pay and $800,000.00 for financial stress.

*B. The Act*

The Fair Labor Standards Act (hereinafter "the Act" or "FLSA") requires, *inter alia*, employers to pay covered employees a current minimum wage of $5.15 an hour.[1]  29 U.S.C. § 206 (2000).  Section 216(b) of the FLSA authorizes private causes of action against employers for violations of the Act.  Under the Act, wages that fail to meet the minimum wage or overtime requirements of the FLSA constitute a new violation with every paycheck. Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1050-52 (5th Cir. 1973).[2]  The FLSA provides

> [a]ny action. . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation. . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

---

[1] During the time period at issue in this case the minimum wage was the same i.e., $5.15 an hour.

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) the Eleventh Circuit Court of Appeals adopted as binding precedent all published decisions of the former Fifth Circuit issued before October 1, 1981.

29 U.S.C. § 255 (2000).[3]

### *C. Plaintiff's Claim*

Per the statute of limitations governing actions under the Act and 28 U.S.C. §1915(e)(2), which provides for frivolity review of prisoner complaints, Plaintiff's case must be dismissed.

Plaintiff states in the complaint that she was employed by Defendants beginning in November 1997 and ending in August of 1998. Assuming, *arguendo*, that Plaintiff received her last paycheck in either August or September of 1998, this action is barred by the statute of limitations. As stated, § 255 of the Act provides that an action may be commenced within two years after the cause of action accrued. Said section further provides that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

Without passing judgment on the merits of Plaintiff's complaint, the absolute latest date on which Plaintiff's complaint could have been filed was August or September of 2001, depending on the date of the last alleged violation. Having been filed in September of 2005, Plaintiff's complaint is clearly outside of either the two or three year limitations period provided by the Act.

### *III. CONCLUSION*

---

[3] In McLaughlin v. Richland Shoe Co., the United States Supreme Court explained the legislative history underlying this two-tiered limitations system, including the interaction of the FLSA and the Portal-to-Portal Act of 1947. See McLaughlin, 486 U.S. 128, 131-33 (1988).

Because Plaintiff's action is barred by the statute of limitations, it is frivolous as a matter of law and must be, and is hereby, dismissed pursuant to 28 U.S.C. § 1915.

**SO ORDERED**, this 12th day of December, 2005.

                                          **/s/ Hugh Lawson**
                                          **HUGH LAWSON, JUDGE**

mh